UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

JANE DOE,

                                                 Case No.: 1:18-cv-01769-ER

                Plaintiff,

     v.

SOLERA CAPITAL LLC and MOLLY ASHBY,
jointly and severally

                Defendants.

------------------------------------------------------------------ X

## SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE TO PROSECUTE CASE ANONYMOUSLY

**GORDON REES SCULLY MANSUKHANI, LLP**
ATTORNEYS FOR SOLERA CAPITAL LLC AND MOLLY ASHBY
ONE BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NEW YORK 10004
PHONE: (212) 269-5500
FAX:   (212) 269-5505

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ....................................................................................................... 2

    I.      PLAINTIFF'S REPLY SHOULD BE STRICKEN ............................................ 2

          A.      Plaintiff's Reply Memorandum Should Be Stricken Because It
               Impermissibly Exceeds the Court-Mandated Page Limit ......................... 2

          B.      Plaintiff's Reply Affidavit Should Be Stricken Because It
               Impermissibly Includes New Factual Information .................................... 3

    II.     ALTERNATIVELY, EVEN IF CONSIDERED, PLAINTIFF'S
        IMPROPER REPLY PAPERS DO NOT SAVE HER DEFICIENT
        MOTION ................................................................................................ 6

CONCLUSION.................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*Aurora Loan Servs. v. Posner, Posner & Assocs.,P.C.*,
   513 F. Supp. 2d 18 (S.D.N.Y. 2007) ........................................................................ 3

*Cruz v. Wyckoff Heights Med. Ctr.*,
   No. 13 Civ. 8355 (ER), 2016 U.S. Dist. LEXIS 130914 (S.D.N.Y. Sep. 23, 2016) ................. 3

*Doe v. City of New York*,
   2016 U.S. Dist. LEXIS 16344 (S.D.N.Y. Feb. 4, 2016) .......................................... 7

*Doe v. Del Rio*,
   241 F.R.D. 154 (S.D.N.Y. 2006) ........................................................................ 6, 9

*Doe v. Smith*,
   105 F. Supp. 2d 40 (E.D.N.Y. 1999) ................................................................... 7, 8

*Doe v. Smith*,
   189 F.R.D. 239 (E.D.N.Y. 1998) ....................................................................... 7, 8, 9

*Doe v. Smith*,
   98 Civ. 6600 (RLM), 2001 U.S. Dist. LEXIS 24974 (E.D.N.Y. Jan. 12, 2001) ....................... 8

*Elias v. Gettry Marcus CPA, P.C.*,
   No. 17 Civ. 4066 (ER), 2017 U.S. Dist. LEXIS 152442 (S.D.N.Y. Sep. 18, 2017) ................. 3

*New Look Party, Ltd. v. Louise Paris, Ltd.*,
   No. 11 Civ. 6433 (NRB), 2012 U.S. Dist. LEXIS 9539 (S.D.N.Y. Jan. 11, 2012) ............... 5, 6

*United States ex rel. Karlin v. Noble Jewelry Holding Ltd.*,
   No. 08 Civ. 7826 (JGK)(KNF), 2012 U.S. Dist. LEXIS 51675 (S.D.N.Y. Apr. 9, 2012) ......... 5

*United States v. East River Hous. Corp.*,
   90 F. Supp. 31 118 (S.D.N.Y. 2015) ................................................................... 5

*Wolters Kluwer Fin. Servs. v. Scivantage*,
   No. 07 Civ. 2352 (HB), 2007 U.S. Dist. LEXIS 27048 (S.D.N.Y. Apr. 13, 2007) .................. 3

**Rules**

Individual Practice Rules, Rule 2.B.i. ................................................................. 3

## PRELIMINARY STATEMENT

Pursuant to the Court's Order of September 6, 2018, Solera Capital LLC and Molly Ashby (collectively "Defendants") submit this sur-reply to address the reasons that the reply papers of Jane Doe ("Plaintiff") should be rejected and, in the alternative, to respond to the new issues improperly raised by Plaintiff in her reply.

On July 19, 2018, Plaintiff filed the instant motion to continue to proceed anonymously, claiming that the use of her new name in public filings might lead her former abuser to find and harm her, despite Plaintiff also admitting that he does not know her new name.   In their opposition papers, Defendants demonstrated that Plaintiff had failed to establish her entitlement to the extraordinary relief of litigating anonymously.   Defendants' arguments centered on the same ten-factor analysis as Plaintiff's moving papers.   Among other things, Defendants pointed out that Plaintiff failed to allege specific facts showing that she would face physical harm should she be unable to proceed anonymously.   In fact, the only affidavit was completed in February 2018, which alleged the most recent attempt by her husband to find her occurred back in 2015.

In the face of these deficiencies, Plaintiff submitted a 17-page reply memorandum, in violation of Your Honor's Individual Rules, and an "updated affidavit" that purports to set forth additional factual material in support of the factor analysis, including an alleged recent attempt by her husband to locate her.   Plaintiff also suddenly and out of thin air claims that her mental health has been placed at risk by the mere prospect of proceeding publicly.   These submissions are plainly improper and should be rejected out-of-hand.   Plaintiff could have included this factual material in her moving papers, as:  (a) it does not respond to a new argument raised by Defendants, but rather directly touches on the factor analysis in Plaintiff's moving papers and (b) it is apparent that the newly alleged events occurred prior to Plaintiff's filing the present motion. Plaintiff also asserts, for the first time, that she will suffer mental harm if she is unable to

proceed anonymously.  Again, these allegations could have been included in her moving papers. They were not.  Thus, the Court should decline to consider these new assertions.

Even if the Court were to consider these new assertions, they do nothing to cure Plaintiff's original failings or establish why Plaintiff would otherwise be entitled to the extraordinary relief she currently seeks.  If anything, Plaintiff's reply only more firmly establishes why application of the anonymity exception would be inappropriate here.  Plaintiff acknowledges that her former abuser does not know her new name or the connection between that name and her old one, and she does not explain how publicizing just her new name will alter that.  In particular, and this is rather telling, Plaintiff provides no substantive response as to why the available alternative methods for protecting confidentiality, which Defendants have identified, would be insufficient in this case.  Moreover, with respect to Plaintiff's out-of-the-blue argument of mental harm, she has presented no medical support for her claim that she has PTSD or that proceeding without anonymity will cause the kind of severe mental harm that, on rare occasion, qualifies for this sort of protection.

Allowing a party to litigate anonymously is the extreme exception to the rule.  Plaintiff simply has not established that application of this exception is appropriate in the instant case. Accordingly, this Court should deny Plaintiff's motion and order her to proceed under her name.

## ARGUMENT

### I.    PLAINTIFF'S REPLY SHOULD BE STRICKEN

#### A.    Plaintiff's Reply Memorandum Should Be Stricken Because It Impermissibly Exceeds the Court-Mandated Page Limit

As an initial matter, Plaintiff's reply papers are impermissible because her reply memorandum ("Reply") is 17 pages long (exclusive of cover page, table of contents, table of authorities, and attachments), in violation of Your Honor's Individual Practice Rules ("IPR") that

limit reply memoranda to 10 pages absent prior permission.  *See* IPR, Rule 2.B.i.  Plaintiff did

not even seek, much less obtain, permission from the Court before filing a brief that was nearly

double the mandated limit.  Such flouting of the Court's rules should not be countenanced.  The

Court should strike Plaintiff's reply memorandum, or at the very least, decline to read beyond

page 10.  *See Cruz v. Wyckoff Heights Med. Ctr.*, No. 13 Civ. 8355 (ER), 2016 U.S. Dist. LEXIS

130914, at *1-2 n.1 (S.D.N.Y. Sep. 23, 2016) (striking a significant portion of plaintiff's motion

papers (specifically counter statement of material facts) for failure to abide by Local Civil Rules

and Court's Individual Rules).  *See also Elias v. Gettry Marcus CPA, P.C.*, No. 17 Civ. 4066

(ER), 2017 U.S. Dist. LEXIS 152442, at *1 (S.D.N.Y. Sep. 18, 2017) (Court deemed defendants'

motion to dismiss withdrawn without prejudice and directed defendants to comply with Court's

Individual Rules, including page limit on memoranda of law).

> **B.      Plaintiff's Reply Affidavit Should Be Stricken Because It Impermissibly Includes New Factual Information**

Even more impermissible, Plaintiff's reply papers include a new affidavit purporting to

set forth new factual materials previously unknown to Defendants.  Such gamesmanship is

unacceptable.  It is "beyond peradventure that it is improper to sandbag one's opponent by

raising new matter in reply."  *Wolters Kluwer Fin. Servs. v. Scivantage*, No. 07 Civ. 2352 (HB),

2007 U.S. Dist. LEXIS 27048, at *2 (S.D.N.Y. Apr. 13, 2007).  This principle holds especially

true where the new factual material is being added in response to an opposition argument that

"was simply that plaintiff had not met [her] burden" on the motion.  *Aurora Loan Servs. v.

Posner, Posner & Assocs., P.C.*, 513 F. Supp. 2d 18, 20 (S.D.N.Y. 2007) (striking new facts

proffered on reply in support of summary judgment motion).

In their opposing papers, Defendants correctly pointed out that Plaintiff failed to

demonstrate a risk of physical harm that would weigh in favor of permitting her to proceed

anonymously.  Specifically, Plaintiff's moving papers were devoid of particularized and first-hand information concerning whether her safety would be seriously compromised by proceeding under her real name and instead relied on general information about domestic violence based on studies and statistics.  Defendants' Memorandum of Law in Opposition (ECF Document 38) ("Opp.") at pp. 1-2.  Additionally, as noted by Defendants, the only evidence in the record of potential threats to Plaintiff's safety was her February 26, 2018 affidavit (the "February Affidavit"), attesting that her former husband's last known attempt to locate her occurred in or around February 2015 and making general hearsay assertions from "family and friends" that as of the date of the February Affidavit (*i.e.,* almost seven months ago now), he "continues to search for" Plaintiff.  *Id.* at pp. 5-6.  Thus, there were no particularized facts showing that Plaintiff's former husband still posed a threat to her safety.  *Id.* at p. 6.

In a transparent effort to cure these fatal deficiencies, Plaintiff on reply submits an affidavit dated August 29, 2018 (ECF Document 41-1) (the "New Affidavit"), which incorporates by reference the February Affidavit.  New Affidavit at ¶ 3.  The New Affidavit improperly asserts previously undisclosed information about alleged threats to Plaintiff's safety, namely, that Plaintiff's former husband "has not stopped looking for [Plaintiff]," that he "is stalking [Plaintiff] and continues to reach out to [Plaintiff's] family and friends to try to find [Plaintiff]," and that in "mid-July he made death threats against one of [Plaintiff's] family members if they did not disclose information about [Plaintiff]."  *Id.* at ¶¶ 5-7.

Moreover, for the first time on reply, Plaintiff argues that a risk of mental harm is also presented here.  She avers, based solely on her own say-so, that she suffers from Post-Traumatic Stress Disorder ("PTSD") and, due to fear that her former abuser will locate her if her name is released in this litigation, is experiencing PTSD symptoms, such as hypervigilance and

4

flashbacks, as well as suffering "significant emotional distress" that is purportedly causing loss of sleep and appetite, difficulty concentrating, and being "tearful and fearful." *Id.* at ¶¶ 9-13.

Courts in this Circuit and District routinely strike affidavits providing new information on reply. *See, e.g., United States v. East River Hous. Corp.*, 90 F. Supp. 31 118, 161-62 (S.D.N.Y. 2015 (Ramos, D.J.) (declining to consider evidence submitted for first time on reply to summary judgment motion and in support of new argument that could have been made in moving papers); *United States ex rel. Karlin v. Noble Jewelry Holding Ltd.*, No. 08 Civ. 7826 (JGK)(KNF), 2012 U.S. Dist. LEXIS 51675, at *13-14 (S.D.N.Y. Apr. 9, 2012) (refusing to consider contemporaneous records and additional evidence offered for the first time on reply, where such evidence "was not submitted in response to any new material issues raised by the defendants in their opposition brief" and the "reply was not the [movant's] first opportunity to provide [such] evidence"); *New Look Party, Ltd. v. Louise Paris, Ltd.*, No. 11 Civ. 6433 (NRB), 2012 U.S. Dist. LEXIS 9539, at *12 n.4 (S.D.N.Y. Jan. 11, 2012) (declining to consider new evidence on reply in further support of motion for preliminary injunction because "it was not submitted in response to any new issues raised by defendants in their opposition brief … [but] rather, it goes to the heart of plaintiff's contention and should have been submitted with its opening brief in order to give defendants an appropriate opportunity to respond").

Unquestionably, the Court should afford the same relief here. First, the new information purporting to show that Plaintiff's former abuser may still be looking for her was apparently available to Plaintiff at the time she submitted her initial motion papers. *See, e.g.,* New Affidavit at ¶¶ 6-7 (averring that Plaintiff's former husband contacted her family members "in mid-July" and generally asserting that he has continued to "stalk" Plaintiff and make efforts to locate her). As such, Plaintiff could have included this information at the outset. Moreover, this information does not respond to any new argument raised by Defendants but rather goes "to the heart of

plaintiff's [original] contention" (*New Look Party, Ltd.*, 2012 U.S. Dist. LEXIS 9539, at *12) as to whether a potential risk of harm exists, one of the ten factors addressed in the factor analysis.

Second, Plaintiff's newfound claims that she faces risk of *mental* harm is improper sandbagging because Plaintiff's moving papers argued only a risk of physical, not mental, harm. Indeed, Plaintiff's February Affidavit made no mention of PTSD symptoms or emotional distress arising out of the prospect of proceeding with litigation publicly, other than mentioning a general fear of being found by her abuser. Furthermore, as with the updated information regarding her abuser's supposed continued search efforts, there is no indication that this argument regarding mental harm could not have been included in Plaintiff's moving papers, and the argument is not in response to any new argument by Defendants.

Therefore, the Court should disregard and strike plaintiff's New Affidavit.

## II. ALTERNATIVELY, EVEN IF CONSIDERED, PLAINTIFF'S IMPROPER REPLY PAPERS DO NOT SAVE HER DEFICIENT MOTION

Even if the Court were to consider Plaintiff's improper submissions on reply, they are nonetheless insufficient to save her deficient motion.

First, Plaintiff, in her new factual allegations, vaguely references recent generalized attempts by her former abuser to find her by purportedly contacting several members of Plaintiff's family and one purported threat. *See* New Affidavit at ¶ 7. These new allegations, if they are even to be considered, are not close to sufficient to tip the scales. Additionally, Plaintiff still fails to explain how proceeding under her new name, which has been kept from and thus is unknown to her former abuser, in this litigation will lead to any discovery by him. *See Doe v. Del Rio*, 241 F.R.D. 154, 161 (S.D.N.Y. 2006) (plaintiffs failed to make sufficient showing of likeliness of harm where nothing in plaintiffs' papers "establishes any link between *public*

*disclosure of plaintiff's name* and the described … risk to Jane Doe") (emphasis in original). Thus, even considering this new information, balancing still weighs against anonymity.

Plaintiff's new allegations of PTSD symptoms and emotional distress, unsupported by any medical corroboration, are similarly insufficient to tip the risk of harm factor in her favor. *See*, *e.g.*, *Doe v. City of New York*, 2016 U.S. Dist. LEXIS 16344, at *7-8 (S.D.N.Y. Feb. 4, 2016) (plaintiff failed to adequately demonstrate risk of mental harm where there was "less supporting evidence of psychological harm here than in many other cases where anonymity is sought" and plaintiff's counsel had argued that media attention would likely exacerbate plaintiff's PTSD but failed to submit "a statement from a medical professional detailing the harms associated with identification").

Plaintiff's cited case, *Doe v. Smith*, 105 F. Supp. 2d 40 (E.D.N.Y. 1999), is inapposite and even highlights the deficiencies in her new submission.  Notably, the court in *Smith* originally denied the motion to proceed anonymously because the "plaintiff has not provided the court, for example, with an expert opinion regarding the effect that revealing her name would have upon her personal mental health in light of her particular psychiatric condition," and thus the court could not assess the "nature, level, or intensity of the mental injury."  *Doe v. Smith*, 189 F.R.D. 239, 243 (E.D.N.Y. 1998).  On motion for reconsideration, the court permitted the plaintiff to proceed anonymously because plaintiff provided sufficient evidence, namely, an affidavit of a *psychiatrist* attesting to the mental injury to plaintiff by proceeding under her own name.  *Smith*, 105 F. Supp. 2d at 43.  Indeed, in that case, "a psychiatric specialist in Dissociative Identity Disorder, from which the plaintiff suffers, [attested] that proceeding publicly would 'cause her to decompensate [psychologically] to a point at which she could not … pursue the current legal process and would suffer severe risk to her safety and to her survival.'"  *Id.*  The court considered this to be "specific evidence predicting that revelation of her identity will likely

7

cause psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life." *Id.* at 43-44. Here, Plaintiff offers only her own affidavit, claiming that she has PTSD, but she does not attest that she has was ever formally diagnosed with PTSD by a medical professional, much less provide an affidavit from a diagnosing physician regarding either her condition or the effect that proceeding publicly would have on it.

Additionally, the plaintiff's complaint in the *Smith* action, which involved a claim against her treating psychiatrist for sexual assault and molestation, had alleged "that defendant's misconduct aggravated her psychiatric condition, that she thus ***attempted suicide at least 30 times***, [and] stabbed and burned herself." *Doe v. Smith*, 98 Civ. 6600 (RLM), 2001 U.S. Dist. LEXIS 24974, at *3 (E.D.N.Y. Jan. 12, 2001) (emphasis added) (providing, in a later opinion in the *Smith* litigation, even more details from plaintiff's complaint). Here, Plaintiff's New Affidavit claims "significant emotional distress" since hearing she may be required to proceed under her name, including "not sleeping," "barely eating," "having flash backs," "difficult[y] concentrat[ing] at work," being "tearful and fearful," and being "hyper vigilant about … safety." New Affidavit at ¶ 11. While Defendants are sympathetic to Plaintiff's unease, these symptoms are a far cry from the "severe risk to safety and survival" present in *Smith*. Simply put, the "nature, level, [and] intensity of the mental injury" described by Plaintiff is not so exceptional as to weigh in favor of proceeding anonymously. *Smith*, 189 F.R.D. at 243.

Finally, in the *Smith* case, the court also found significant the defendant's decision "not to dispute the opinion of plaintiff's doctor that revelation of plaintiff's identity could result in life-threatening harm." 105 F. Supp. 2d at 45. This is unsurprising, since the plaintiff's underlying psychiatric treatment sessions were based on plaintiff's multiple personality disorder arising from sexual abuse she experienced as a child and, according to the defendant, were "highly emotional and tumultuous" to the point of "caus[ing] the plaintiff to experience flashbacks and

blackout" and "[d]uring the course of the treatment … caused suicidal and self-destructive behavior that often forced the defendant 'to physically restrain the plaintiff.'" *Smith*, 189 F.R.D. at 241. Here, Defendants do not concede that Plaintiff's alleged PTSD or emotional distress is life-threatening, and there has been no medical determination that self-inflicted trauma is likely to result from Plaintiff proceeding publicly. In sum, Plaintiff has not sufficiently demonstrated a likelihood of injury sufficient to overcome the "strong presumption in favor of open disclosure of the identities of parties to litigation." *Del Rio*, 241 F.R.D. at 162.

Once the specter of PTSD and a significant diagnosis of mental harm is removed from the picture, as it must be, all that remains is Plaintiff's alleged "reasonable fear" that her abuser will find her again. Plaintiff, however, still has not demonstrated that proceeding publicly under her new name, which is unknown to her abuser, would increase the chances of his finding her. There is no public connection between her former and current names, and Defendants are by no means suggesting that her former name should be made public in connection with this litigation in any way. To the contrary, Defendants have asserted in their opposition that any documents referencing Plaintiff's former name should be redacted or sealed. Furthermore, Plaintiff continues to reference her family in connection with her abuser's alleged efforts to find her. Proceeding publicly in this litigation, however, has nothing to do with her family. Either they already know her new identity, in which case the decision on this motion will have zero bearing on how they respond to any of her abuser's attempts to locate her, or they do not know her new identity, in which case they will be as much in the dark about this lawsuit's connection to her as her abuser is. In other words, Plaintiff's argument that her abuser may "connect the dots in an effort to find her" (Reply at p. 16) actually supports Defendants' position. Plaintiff has not identified what those dots would be in the event she were to proceed without the shield of

anonymity.  And subjective fear, without corresponding evidence of actual harm, is not one of the factors considered in deciding whether to allow a plaintiff to proceed anonymously.

By the identification of Plaintiff's fear as subjective and their other arguments on this motion, Defendants by no means are or intend to be cavalier with Plaintiff's purported safety concerns.  Such concerns, among many others, are taken into account and given appropriate weight by the factor-balancing analysis utilized in this Circuit (including the availability of other means to protect Plaintiff).  Nevertheless, the reality of the present circumstances and the result of this analysis is that Plaintiff has objectively failed to establish that the exception of anonymity should continue here.  Accordingly, this Court should deny Plaintiff's motion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court: (i) strike Plaintiff's reply memorandum of law and affidavit, (ii) deny Plaintiff's motion in its entirety, and (iii) award all such other and further relief that this Court may deem just and proper.


Dated:  New York, New York
         September 17, 2018

                                          Respectfully submitted,

                                          GORDON REES
                                          SCULLY MANSUKHANI, LLP

                                          By: */s/ Mercedes Colvin*
                                               Mercedes Colwin
                                               Diane Krebs
                                               David J. Grech
                                               Lindsey M. Blackwell
                                          *Attorneys for Defendants*
                                          One Battery Park Plaza, 28th Floor
                                          New York, NY  10004
                                          (212) 269-5500

10