UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
JANE DOE,                                                                                    18-CV-1769 (ER)

      Plaintiff, v.

SOLERA CAPITAL LLC and MOLLY
ASHBY, jointly and severally,

      Defendants.
-----------------------------------------------------------x

## JANE DOE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S DENIAL OF HER MOTION TO CONTINUE TO PROCEED ANONYMOUSLY

Jeanne Mirer
Ria Julien
Attorneys for Plaintiff
Mirer, Mazzocchi & Julien PLLC
150 Broadway, 12th Floor
New York, New York 10038
212 231 2235
jmirer@mmsjlaw.com
rjulient@mmsjlaw.com

## INTRODUCTION

Plaintiff Jane Doe moves this Court pursuant to Rule 6.3 of the local rules of the Southern District of New York, to reconsider its ruling of March 31, 2019 denying **Plaintiff's Motion to Continue to Proceed Under a Pseudonym**. Plaintiff respectfully submits newly available evidence that plaintiff contends should be dispositive of the issue presented. That is, Jane Doe has secured an affidavit from her treating therapist. This affidavit, which plaintiff seeks to file under seal as Exhibit A provides the Court with a graphic description of the abuse she suffered, which supports not only the diagnosis of Post- Traumatic Stress Disorder, but also underscores the her rational fears of having to proceed under her changed name as well as the psychological impact of the Court's ruling. Given this newly available evidence, the court need not speculate on the question of harm to Doe. As such a different result is warranted.

Further with respect to the balancing test, Jane Doe submits the it was clear error to (1) overlook the facts applicable to the first factor in holding that the "subject matter of the litigation" was separate and apart from the "highly sensitive and personal nature" of Jane Doe's status as a domestic violence victim; indeed her protected status is at the heart of this litigation and forms the basis of one of discrimination claims; (2) fail to weigh, rather than tally, the factors applicable to the questions of proceeding anonymously; (3) count inapplicable factors against Doe, when they should have had neutral weight; and crucially (4) that where there is a corroborated threat of third party harm, supported by an affidavit, to find that the other factors could outweigh such a harm. *Since the announcement of the factor which considers harm from a third party, this court will be the only court to deny a petitioner the right to proceed anonymously in the presence of such harm. This is clear error and would result in manifest injustice to Jane Doe.*

Finally, the court committed clear error by citing to authority that was changed on a second appeal, or which address the question of balancing before the announcement of the third party harm doctrine.

In sum, the Court has approached the balancing test in a manner that fails to get to the heart of the matter. ("The central inquiry in determining whether a plaintiff may proceed pseudonymously is a balancing of a 'plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant.'") (quoting *Sealed Plaintiff*, 537 F.3d at 189). In applying the balancing test formulaically, the court misses the spirit of the test and the underlying competing concerns animating the test. Here compelling privacy concerns and the threat of a third party harm have been articulated, and supported by evidence, but the Court, by what appears to be rigid arithmetic, fails to appreciate that the gravity of the privacy and protection interest. She submits these facts should be deemed sufficient to proceed anonymously, as it has been deemed in every other case to consider such facts regarding harm to petitioner.

Plaintiff submits that these errors warrant reconsideration of this Court's order, especially given the implications of such order for Jane Doe. Given the arguments made herein and evidence attached hereto, Jane Doe believes a different outcome is warranted. For these reasons and the reasons described more fully below, Doe respectfully requests that this Court reconsider and reverse its ruling on Jane Doe's motion to continue to proceed under pseudonym.

## LEGAL STANDARD

Local Civil Rule 6.3 provides that a party moving for reconsideration must set forth "the matters or controlling decisions which counsel believes the Court has overlooked."

The standard for reconsideration under Local Rule 6.3 is "strict, and reconsideration will generally be denied unless a moving party can point to matters that "might

reasonably be expected to alter the conclusion reached by the court." *In re CRM Holdings, Ltd. Sec. Litig.*, (S.D.N.Y. March 4, 2013) U.S. Dist. LEXIS 30116: Reconsideration may be granted because of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Luv n' Care Ltd. v. Goldberg Cohen, LLP*, 2016 U.S. Dist. LEXIS 162901, 2016 WL 6820745, at *1 (S.D.N.Y. Nov. 10, 2016) (internal quotation marks omitted) (quoting *Hollander v. Members of the Bd. of Regents*, 524 F. App'x 727, 729 (2d Cir. 2013) (summary order).

Here, the court's denial Jane Doe's motion to continue to proceed under pseudonym clearly meets the standard for reversal on reconsideration.

## ARGUMENT

### I. NEWLY AVAILABLE EVIDENCE BY JANE DOE'S TREATING THERAPIST WARRANTS AN OUTCOME IN JANE DOE'S FAVOR

With respect to the second factor Jane Doe has here attached newly available evidence in the form of an affidavit from her treating therapist Dr. Allison Ross, of Sanctuary for Families. The Court in its decision on the motion acknowledge, that "The risk of psychological injury stemming from identification is a cognizable harm that can serve as a legitimate basis for proceeding anonymously." (Opinion p. 8). However, the court declined to "speculate regarding the "the nature, level or intensity of Jane Doe's mental injury in the absence of medical corroboration."

That is, the court recognized the sufficiency of this factor with respect to proceeding under pseudonym, as was recognized in *Doe v Smith*, 105 F. Supp.2d 40. (EDNY 1999). Given the Dr. Ross Affidavit however, the court need not speculate.

In light of this new evidence a different determination on the motion is warranted—just as it was in *Doe v. Smith*, where the court permitted Doe to continue to proceed anonymously after

3

the submission of medical corroboration on Motion for Reconsideration. Plaintiff will ask that Dr. Ross's Affidavit be filed under seal, as it contains highly specific information about the severity of plaintiff's abuse as well as personal and confidential medical information about Jane Doe's physical and psychological condition especially since the Court's ruling. This specific information in the affidavit needs to be under seal as it could lead to plaintiff's identification if seen or heard about by her abuser. Further it contains highly personal and confidential medical information relevant to the question at issue on reconsideration. With this submission the instant case is on all fours with *Doe v. Smith* and a similar result is warranted.

While "no one factor is dispositive", if the Court reverses in light of this newly available evidence it would be the first court to do so, in the presence of corroborated psychological harm and third party harm to petitioner. Given the gravity of the statements contained in the Dr. Ross Affidavit Jane Doe respectfully requests that the Court reconsider and reverse its prior decision.

## II. THE COURT COMMITTED CLEAR ERROR IN WEIGHING THE FIRST FACTOR AGAINST JANE DOE

The Court also committed a clear error in weighing the first factor in the balancing test against Jane Doe. In considering whether the "litigation involves matters that are highly sensitive and of a personal nature" *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185(2d Cir. 2008) the Court acknowledges that Doe's personal experience as a DV victim are highly sensitive and personal. However, in finding against Doe, the court artificially divorced the "subject matter" of the litigation from Doe's highly personal and sensitive status. Indeed, the court overlooked the degree to which the two are intertwined. Doe's status as a domestic violence victim is directly at issue in this case and is an element of her NYCHRL discrimination claim that she was subjected to discrimination and harassment due to her protected status as a DV victim.

4

Given the DV-related claim there can be no distinction between her "personal experience as a DV victim" which the court admits is highly sensitive, and the subject matter of the litigation, which the court has held is not highly personal. Given the nature of the claims this distinction cannot hold, and this factor should weigh in Doe's favor.

### III. THE COURT COMMITTED CLEAR ERROR NOT FINDING FOR DOE ON THE BASIS OF CORROBORATED THIRD PARTY HARM ALONE.

In its analysis of the second factor the court acknowledges that "Doe seeks to avoid actual physical and mental harm, not mere embarrassment, social stigmatization and economic injury." Further, the Court finds "harm to domestic violence victims as the relevant type of harm that the second factor seeks to address." However, in making such determination, the Court does not go far enough in considering the weight of this factor. Rather the Court counts it as merely one of ten, rather than affording it its proper and overriding import.

The Court recognizes, citing *Shakur*, that "a plaintiff's allegation that she has been subjected to death threats would provide a legitimate basis for allowing her to proceed anonymously." The court further found, based on Doe's affidavit, that "Doe states she fears harm from her former abuser, which is cognizable as a basis for proceeding anonymously."

That is, it is not a factor in favor of proceeding anonymously, but a *basis*. The Court does not allow the full implication of its determination that Plaintiff has credibly alleged third party harm should she not be permitted to proceed anonymously. In *Shakur*, the Court did not permit petitioner to proceed anonymously because any protection to her from proceeding anonymously would be moot, as her identity was already known to the third party who would do her harm. In *Shakur*, the court discussed third party as a "basis" for proceeding anonymously: that it is independent and sufficient grounds where the identity of the person is not already known. Thus, the Court here

5

should have found the allegations of third party harm--where Doe's identity in this case is not known to her abuser-to be sufficient to permit her to proceed anonymously. In failing to so hold, the court fails to weigh the gravity of this factor and departs from precedent within this circuit regarding the dispositive nature of corroborated third party harm to anonymous petitioners whose identity is unknown to such third parties. Accordingly, on this basis alone, Jane Doe respectfully requests that the Court reconsider its decision.

### IV. THE COURT COMMITTED CLEAR ERROR WEIGHING IN APPLICABLE FACTORS RATHER THAN CONSIDERING THEM NEUTRAL—AND THUS WEIGHING FACTORS THREE AND FOUR AGAINST JANE DOE

Looking to factors three and four, respectively:

> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;      and
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;   *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008),

the Court weighed these factors against Plaintiff when in the absence of such factors, the Court should have deemed such factors neutral, rather than weighing against Doe, and thus supporting the countervailing interests.

Again, the central inquiry in determining whether a plaintiff may proceed pseudonymously is a balancing of a "plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189.

The *Sealed Plaintiff* multifactor test then lists non-exhaustive factors going to each of these three prongs of the articulated purpose. Where any given factor is irrelevant or not factually applicable (as the test draws from various fact-specific cases), then that factor *does not* strengthen the relevant prong. That is not to say however, that it strengthens the competing interest. Stated

6

differently, that plaintiff may have one strong interest in anonymity but not another, the factor which is weaker does not decrease the strength of the present or applicable interest in anonymity; nor does it strengthen the countervailing interest. It is simply not relevant.

Here the court weighed factors three and four against Doe because she is not seeking injunction as the basis of her case nor is she a minor. These factors are both exemplars of a strong interest in anonymity. Doe, however, does have a very strong interest in anonymity based on harm, and the absence of these other exemplars in factors three and four should not effectively cancel out the strength of the harm against Doe as relevant to her interest in anonymity.

Here in weighing factors three and four against Doe rather than finding them neutral, the Court places its thumb on the scale and holds that the absence of these factual scenarios cancels the articulated privacy interest and strengthens the countervailing interests in "public interest in disclosure and any prejudice to the defendant." This is a clear error, as these factors do not go to either countervailing interest, but rather only probe the presence of a particular variety of anonymity interest.

Stated differently, the factors in *Sealed Plaintiff* may be categorized as follows

> (1) "whether the litigation involves matters that are highly sensitive and of a personal nature": *relevant to strengthened plaintiff's interest in anonymity.*
>
> (2) "whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties": *relevant to strengthened plaintiff's interest in anonymity.*
>
> (3) "whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity": *relevant to strengthened plaintiff's interest in anonymity.*
>
> (4) "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;": *relevant to strengthened plaintiff's interest in anonymity*

(5) "whether the suit is challenging the actions of the government or that of private parties;": *relevant to strengthened public interest in disclosure.*

(6) "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;": *relevant to strengthened prejudice to the defendant.*

(7) "whether the plaintiff's identity has thus far been kept confidential;" if so, *strengthens plaintiff's interest in anonymity; if not weakens plaintiff's interest in anonymity*

(8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;" *relevant to strengthened public interest in disclosure.*

(9) "whether because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; *relevant to weakened public interest in disclosure.*

(10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

To demonstrate the deleterious effect of applying the test as the Court has done, take for example a case where a minor seeks to proceed anonymously, but that minor does not allege physical or psychological harm from proceeding without anonymity. Should inapplicable factors relevant to the interest in anonymity count against a petition, the hypothetical minor's privacy interest would be effectively cancelled out by the fact that she does not satisfy prong two. This is clearly inconsistent with the articulated purpose of *Sealed Plaintiff* and the purpose of the test.

In seeking to enumerate specific examples of persons with a heightened anonymity or privacy interest, the test, if applied as done here by the Court, would effectively protect no vulnerable persons unless they fell into numerous categories. For every factor in favor of a petition due to some vulnerability, the absence of some other vulnerability would be held against them, with the effect of leaving them unprotected.

8

For the reasons articulated above, factors three and four should be neutral as to Doe and the court should reverse its decision on this basis.

## V. THE REASONING AS TO FACTORS THREE AND FOUR IS APPLICABLE TO FACTOR FIVE, WHICH SHOULD BE NEUTRAL

The rationale applicable to factors three and four relevant to the Plaintiff's anonymity interest, is also applicable to factor five. Where a suit is challenging the actions of the government there is a heightened interest in public disclosure. Here there is no such heightened public disclosure interest and thus this factor should be neutral. That the case does not challenge government action should not weaken the Plaintiff's anonymity interest—it rather is simply irrelevant. As weighed here however the Court effectively nullifies the harm prong by the fact that this is a suit against a private party. Again, for the reasons articulated above this is inconsistent with the core concerns of the multifactor test.

## VI. THE COURT APPLIED THE INCORRECT STANDARD TO THE ISSUE OF THE WEIGHT OF PUBLIC ACCESS BY CITING TO AMODEO I

In its statement of the standard applicable to the weight of public access, the court cites *United States v. Amodeo*, 44 F.3d 141, 145, 1995 U.S. App. LEXIS 110, *10, 148 L.R.R.M. 2226, 23 Media L. Rep. 1205 (Amodeo I) for the proposition that access is "fundamental." However that case does not reflect the current state of the law, the approach to the issue of public access having been subject to a further articulation by the same Second Circuit later that year in *United States v. Amodeo*, 71 F.3d 1044, 1048, 1995 U.S. App. LEXIS 34760, *5-6, 24 Media L. Rep. 1203. (*Amodeo II*). In *Amodeo II*, the Second Circuit discussed the public access to judicial documents as comprised of varying weight stating:

> Courts have given various descriptions of the weight to be given to the presumption of access, ranging from an "especially strong" presumption requiring "extraordinary circumstances to justify restrictions," *United States v. Myers (In re Nat'l Broadcasting*

9

*Co.*), 635 F.2d 945, 952 (2d Cir. 1980), to merely "*one* of the interests" that may bow before [**6] "good reasons" to deny the requested access. *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. Unit A 1981).

Thus, the Second Circuit has acknowledged that the public interest in disclosure of judicial documents has various weights and different degrees of public interest which must be weighed before documents are subject to disclosure.

Analogously, if a purpose of Rule 10(a) is that the parties' identities should generally be known, what is the degree of the public interest in knowing plaintiff's changed name? Plaintiff submits that there is little to no interest in the public being made aware of plaintiff's changed name. Although it is her legal name, the defendants cannot point to a countervailing reason for the public to know plaintiff's changed name for her to proceed.

## CONCLUSION

For the foregoing reasons, Plaintiff requests this Court reconsider its decision to deny Jane Doe's motion to continue to proceed under pseudonym. Jane Doe further requests that if it is this Court opinion that placing the case entirely under seal would avoid reputational harm to Defendants while protecting Jane Doe from third party harm, Jane Doe is amenable to such a modification of the Court's Order, should it not see fit to grant reconsideration

Respectfully submitted,

MIRER MAZZOCCHI & JULIEN, PLLC

By: _____
Jeanne Mirer
Ria Julien
150 Broadway, Suite 1200
New York, New York 10038
(212) 231-2235
jmirer@mmsjlaw.com
*Attorneys for Plaintiffs*