UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

JANE DOE,

                                           Case No.: 1:18-cv-01769-ER

                   Plaintiff,

     v.

SOLERA CAPITAL LLC and MOLLY ASHBY, jointly
and severally

                   Defendants.

-------------------------------------------------------------- X

---

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

---

**GORDON REES SCULLY MANSUKHANI, LLP**
ATTORNEYS FOR SOLERA CAPITAL LLC AND MOLLY ASHBY
ONE BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NEW YORK 10004
PHONE: (212) 269-5500
FAX:    (212) 269-5505

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................... 1

ARGUMENT ............................................................................................................................... 2

    I.     LEGAL STANDARD ON A MOTION FOR RECONSIDERATION.................. 2

    II.    THE ROSS AFFIDAVIT IS IMPROPER ON PLAINTIFF'S MOTION
          FOR RECONSIDERATION AND DOES NOT SUPPORT A
          DIFFERENT DECISION .......................................................................................... 3

          A.     The Court Should Strike the Ross Affidavit as Prohibited by Local
                  Rule 6.3 or, Alternatively, Decline to Consider It Because It Is Not
                  New Evidence ........................................................................................... 3

          B.     Even If Considered, the Ross Affidavit Does Not Warrant a
                  Different  Decision on Plaintiff's Motion to Proceed Anonymously ......... 7

    III.   THE COURT DID NOT COMMIT CLEAR ERROR BY WEIGHING
          THE FIRST SEALED PLAINTIFF FACTOR AGAINST PLAINTIFF .............. 10

    IV.   THE COURT DID NOT COMMIT CLEAR ERROR BY WEIGHING
          THE RISK OF THIRD-PARTY HARM ..................................................................... 11

    V.    THE COURT DID NOT COMMIT CLEAR ERROR BY WEIGHING
          SEALED PLAINTIFF FACTORS THREE THROUGH FIVE AGAINST
          PLAINTIFF RATHER THAN NEUTRAL ............................................................... 13

    VI.   THE COURT DID NOT APPLY AN INCORRECT STANDARD ON
          THE ISSUE OF PUBLIC ACCESS ...................................................................... 15

    VII.  PLAINTIFF'S ALTERNATIVE PROPOSAL TO SEAL SHOULD BE
          DISREGARDED .................................................................................................... 16

CONCLUSION........................................................................................................................... 17

i

## TABLE OF AUTHORITIES

**Cases**

*A.B. v. C.D.*,
   2:17-cv-5840 (DRH)(AYS), 2018 U.S. Dist. LEXIS 68919 (E.D.N.Y. Apr. 24, 2018)..... 13, 15

*Abdel-Razeq v. Alvarez & Marsal, Inc.*,
   14 Civ. 5601 (HBP), 2015 U.S. Dist. LEXIS 153200 (S.D.N.Y. Nov. 12, 2015) ............. 14, 15

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*,
   684 F.3d 36 (2d Cir. 2012) ...................................................................................................... 2

*Bradshaw v. City of N.Y.*,
   No. 15 Civ. 4638 (ER), 2018 U.S. Dist. LEXIS 66999 (S.D.N.Y. Apr. 18, 2018)............... 2, 12

*Camreta v. Greene*,
   563 U.S. 692 (2011) .............................................................................................................. 11

*Chamberlin v. Principi*,
   02 Civ. 8357 (NRB), 2006 U.S. Dist. LEXIS 10254 (S.D.N.Y. Mar. 14, 2006) ....................... 5

*Coudert Bros. LLP v. Li*,
   No. 16-CV-8237 (KMK), 2017 U.S. Dist. LEXIS 179617
   (S.D.N.Y. Oct. 27, 2017)........................................................................................................ 11

*Doe v. Shakur*,
   164 F.R.D. 359 (S.D.N.Y. 1996)................................................................................. 11, 12, 13

*Doe v. Smith*,
   105. F. Supp. 2d 40 (E.D.N.Y. 1999)......................................................................... 5, 7, 9, 10

*Doe v. Smith*,
   98 Civ. 6600 (RLM), 2001 U.S. Dist. LEXIS 24974 (E.D.N.Y. Jan. 12, 2001)...................... 10

*Doe v. Syracuse*,
   No. 5:18-CV-0496 (FJS) (DEP), 2018 U.S. Dist. LEXIS 154899
   (N.D.N.Y. Sept. 10, 2018)................................................................................................ 14, 15

*Ferring B.V. v. Allergan, Inc.*,
   12 Civ. 2650, 2013 U.S. Dist. LEXIS 111374 (S.D.N.Y. Aug. 5, 2013).................................... 3

*Henderson v. Metro. Bank & Trust Co.*,
   502 F. Supp. 2d 372 (S.D.N.Y. 2007) .................................................................................. 2, 4

*McGraw-Hill Global Educ. Holdings, LLC, v. Mathrani*,
   293 F. Supp. 3d 394 (S.D.N.Y. 2018) .................................................................................. 3, 4

*Pegoraro v. Marrero*,
   No. 10 Civ. 51 (AJN) (KNF), 2012 U.S. Dist. LEXIS 107798 (S.D.N.Y. Aug 1, 2012) .......... 3

*Picard v. Saren-Lawrence*,
   No. 17 Civ. 5157 (GBD), 2018 U.S. Dist. LEXIS 155657 (S.D.N.Y. Sept. 11, 2018) ........ 2, 13

*Ramasamy v. Essar Global Ltd.*,
   No. 11 Civ. 3912 (JSR), 2012 U.S. Dist. LEXIS 67734 (S.D.N.Y. May 8, 2012) .................... 4

*Sealed Plaintiff v. Sealed Defendant*,
   537 F.3d 185 (2d Cir. 2008) ................................................................ 10, 13, 14, 16

*Sikhs for Justice v. Nath*,
   893 F. Supp. 2d 598 (S.D.N.Y. 2012) ................................................................ 12

*Tropical Sails Corp. v. Yext, Inc.*,
   No. 14 Civ. 7582, 2016 U.S. Dist. LEXIS 61773 (S.D.N.Y. May 10, 2016) ........................ 3, 4

*Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Showtime on the Piers,
   LLC*,
   No. 16-CV-4788 (RA), 2018 U.S. Dist. LEXIS 161897 (S.D.N.Y. Sept. 21, 2018)................. 6

*United States v. Amodeo*,
   44 F.3d 141 (2d Cir. 1995) ....................................................................... 15

*United States v. Amodeo*,
   71 F.3d 1044 (2d Cir. 1995) ................................................................. 15, 16

*United States v. Hatfield*,
   795 F. Supp. 2d 219 (E.D.N.Y. 2011) ........................................................... 12

**Rules**

Local Civ. R. 6.3 ........................................................................... 2, 3

Defendants Solera Capital LLC ("Solera") and Molly Ashby (collectively "Defendants") respectfully submit this Memorandum of Law in opposition to Plaintiff's motion for reconsideration of the Court's March 31, 2019 Opinion and Order.

## PRELIMINARY STATEMENT

Plaintiff Jane Doe ("Plaintiff" or "Doe") seeks reconsideration of this Court's March 31, 2019 Opinion and Order ("Opinion"), which properly denied Doe's motion to proceed anonymously. In its thorough and well-reasoned 25-page Opinion, the Court carefully examined and balanced ten factors and determined that Doe's interest in anonymity does not outweigh the public interest in identification or the prejudice to Defendants.

Upset by finding herself on the losing side of the Court's decision, Plaintiff has cobbled together a motion for reconsideration. Plaintiff, however, fails to meet her heavy burden on a motion for reconsideration because she does not point to any facts or controlling authority that the Court overlooked or any change in the law, new evidence, clear error, or manifest injustice that could justify reconsideration of the Court's prior ruling. Instead, she seeks a second bite at the apple by: (i) disagreeing with the Court's reasoning concerning the non-sensitive nature of Plaintiff's employment discrimination claims, (ii) faulting the Court for its interpretation of non-controlling authority regarding the weight of evidence of third-party harm, (iii) improperly raising a new argument that factors relating to her anonymity interest should be given "neutral" weight, and (iv) citing an inapposite case that the Court "overlooked" in an effort to lessen the weight of the interest in public access. These arguments do not justify reconsideration of the Court's decision.

Plaintiff also ignores this Court's Local Rule governing the procedure for seeking reconsideration, which prohibits the submission of additional materials. In an effort to cure the

deficiencies in her underlying and properly denied motion, Plaintiff filed an affidavit from her therapist under seal.  This submission is wholly improper on a motion for reconsideration and should therefore be stricken.

In sum, and as set forth more fully below, Plaintiff's motion for reconsideration should be denied.

## ARGUMENT

### I.   LEGAL STANDARD ON A MOTION FOR RECONSIDERATION

As this Court has recognized, "[r]econsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Bradshaw v. City of N.Y.*, No. 15 Civ. 4638 (ER), 2018 U.S. Dist. LEXIS 66999, at *2–3 (S.D.N.Y. Apr. 18, 2018).  To justify reconsideration, the movant must "point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007).  Alternatively, a party may seek reconsideration by demonstrating "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Id.*  The movant cannot, however, merely "repeat arguments already briefed, considered and decided, nor advance new facts, issues or arguments not previously presented to the Court."  *Picard v. Saren-Lawrence*, No. 17 Civ. 5157 (GBD), 2018 U.S. Dist. LEXIS 155657, at *4 (S.D.N.Y. Sept. 11, 2018).  Indeed, the Second Circuit has held that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).  That is why Local Civil Rule 6.3 requires the movant to concisely set forth the matters the Court allegedly overlooked and prohibits submission of affidavits unless leave to do

so is granted by the Court, "to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *McGraw-Hill Global Educ. Holdings, LLC, v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018).  *See* Local Civ. R. 6.3.

    II.    **THE ROSS AFFIDAVIT IS IMPROPER ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND DOES NOT SUPPORT A DIFFERENT DECISION**

        A.    **The Court Should Strike the Ross Affidavit as Prohibited by Local Rule 6.3 or, Alternatively, Decline to Consider It Because It Is Not New Evidence**

Local Rule 6.3 is clear that on a motion for reconsideration, "[n]o affidavits shall be filed by any party unless directed by the Court."  Yet Plaintiff blatantly ignores this express prohibition by filing an affidavit of Dr. Allison Ross, dated April 12, 2019, under seal (the "Ross Affidavit").[1] *See* Plaintiff's Motion for Reconsideration, Exhibit A.  It is no surprise that Plaintiff's papers omit any reference to Rule 6.3's prohibition because she never even sought and *a fortiori* was never granted leave of this Court to submit such materials.  Importantly, the rule prohibits affidavits because "motions to reconsider are not an occasion for making arguments and offering evidence that could have been, but was not, adduced on the original motion."  *Tropical Sails Corp. v. Yext, Inc.*, No. 14 Civ. 7582, 2016 U.S. Dist. LEXIS 61773, at *4 (S.D.N.Y. May 10, 2016).  Indeed, courts routinely strike affidavits as prohibited by Local Rule 6.3.  *See Ferring B.V. v. Allergan, Inc.*, 12 Civ. 2650, 2013 U.S. Dist. LEXIS 111374, at *6–7 (S.D.N.Y. Aug. 5, 2013) (striking affidavit that court had not authorized movant to submit on reconsideration); *Pegoraro v. Marrero*, No. 10 Civ. 51 (AJN) (KNF), 2012 U.S. Dist. LEXIS 107798, at *3 (S.D.N.Y. Aug 1, 2012)

---

[1] Plaintiff purports to justify filing the Ross Affidavit under seal by claiming that it contains details that might reveal her identity (*i.e.*, Plaintiff's alleged experiences of domestic violence).  What Plaintiff fails to admit is that all of the potentially identifying statements are not germane to the motion for reconsideration.  Rather, they were included as a blatant attempt to invoke the sympathy of the Court to sway its decision.  Moreover, by filing the Ross Affidavit under seal, Plaintiff seeks to further hide behind a cloak after already being denied permission to proceed in anonymity.  Given these concerns, Defendants reserve their right to seek the unsealing of the Ross Affidavit at a later time.

(declining to consider new declaration and exhibits submitted on motion for reconsideration); *Ramasamy v. Essar Global Ltd.*, No. 11 Civ. 3912 (JSR), 2012 U.S. Dist. LEXIS 67734, at *1 n.1 (S.D.N.Y. May 8, 2012) (stating "the Court does not consider the [additional] declaration or accompanying exhibit in deciding this motion [for reconsideration]").   As the Court never authorized Plaintiff to submit the Ross Affidavit, it should be stricken for this reason alone.

Even setting aside for a moment Plaintiff's failure to acquire leave of the Court, the Court should disregard the Ross Affidavit because it cannot serve as a basis for reconsideration.  That is, it does not constitute an intervening change in controlling law, newly available evidence, or a matter that was overlooked by the Court in reaching its decision.  *See Henderson*, 502 F. Supp. 2d at 376 (S.D.N.Y. 2007).  Rather, the Ross Affidavit purports to provide corroboration of Plaintiff's *prior* arguments that she faces risks of physical and psychological harm.  Undeniably, the affidavit is nothing more than a textbook attempt to "plug [] the gaps of a lost motion" – which is not a permissible purpose of a motion for reconsideration.  *See McGraw-Hill Global Educ. Holdings, LLC,* 293 F. Supp. 3d at 397.

Indeed, Plaintiff admits she is doing as much.  She notes that in its Opinion, the Court "declined to 'speculate regarding the nature, level or intensity of Jane Doe's mental injury in the absence of medical corroboration'" and argues that "[g]iven the Dr. Ross Affidavit however, the court need not speculate." Plaintiff's Memorandum of Law in Support of Motion for Reconsideration (ECF Doc. No. 55) ("Pl. Mem.") at 3.  Thus, it was *Plaintiff*, not the Court, who overlooked the matter of medical corroboration, and the Ross Affidavit is merely an attempt to cure the deficiencies in her underlying papers after they were pointed out to her by the Court.  This, too, requires that reconsideration be denied.  *See Tropical Sails Corp.*, 2016 U.S. Dist. LEXIS 61773 at *5 (denying motion for reconsideration where movant submitted new affidavit containing

"evidence [the movant] did not put before the Court on its original motion" where the evidence was not "previously unavailable" but "merely proffer[ed] . . . as curative of the inadequate supporting information provided with [the movant's] initial motion"); *Chamberlin v. Principi*, 02 Civ. 8357 (NRB), 2006 U.S. Dist. LEXIS 10254, at \*5–6 (S.D.N.Y. Mar. 14, 2006) (declining to consider new affidavit where movant was "free to submit its proposed affidavit at any time during the pendency of the [earlier] motion" and was simply asking for "a second bite at the apple by seeking to remedy his earlier failure to submit such an affidavit").

Plaintiff's improper submission is particularly egregious given that it marks Plaintiff's ***third bite*** at the apple.  First, Plaintiff entirely chose to forego submitting an affidavit supporting any risk of harm when she filed her motion to proceed anonymously.  *See* Plaintiff's Notice of Motion to Continue to Proceed under Pseudonym (ECF Doc. No. 27).  When Defendants correctly pointed out that Plaintiff's moving papers did not demonstrate any present threat of harm (*see* Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Continue to Prosecute Case Anonymously (ECF Doc. No. 38) ("Def. Opp. Mem.") at 12), Plaintiff then switched tactics in her reply papers by improperly advancing entirely new arguments concerning risk of psychological harm, citing *Doe v. Smith*, 105. F. Supp. 2d 40 (E.D.N.Y. 1999), and improperly including her own contemporaneously created affidavit (which came to be known in motion practice as "the August Affidavit") as purported evidence of such risk.  *See* Plaintiff's Reply Memorandum of Law in Support of Motion to Continue to Proceed Anonymously (ECF Doc. No. 41) (Pl. Reply Mem."); August Affidavit (ECF Doc. No. 41-1).  The Court properly concluded that, unlike Plaintiff's cited authority, Plaintiff had "not provided any medical corroboration to support her claim regarding the risk of psychological injury."  Opinion at 8.  Thus, Plaintiff was given more than a fair opportunity to put forth sufficient evidence of the risk of harm.

Apparently realizing, albeit too late, her failure, Plaintiff, in a transparent effort to fit the Ross Affidavit within the purview of a motion for reconsideration, self-servingly and without explanation labels it as "newly available evidence."  *See* Pl. Mem. at 3.  Evidence, however, is only "newly available" if it were "truly newly discovered or could not have been found by due diligence."  *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Showtime on the Piers, LLC*, No. 16-CV-4788 (RA), 2018 U.S. Dist. LEXIS 161897, at *5 (S.D.N.Y. Sept. 21, 2018).

Here, the Ross Affidavit consists almost entirely of Ross' recounting of, in turn, Plaintiff's own recounting of incidents and observations that predate the Opinion and even this litigation, including Plaintiff's prior reports of her experiences of domestic violence (Ross Affidavit ¶¶ 6–29), her mental state following those experiences (*id.* ¶¶ 31–33), her employment with Solera (*id.* ¶¶ 34–35, 43–44), her name change and the allegedly limited protections it affords Plaintiff (*id.* ¶¶ 36–42), and her reported distress while the motion to proceed anonymously was pending (*id.* ¶¶ 50–54).  The few allegations that relate to post-Decision occurrences (*id.* ¶¶ 55–62) are nothing more than continuations of the same allegations that Plaintiff has made for months.  *Compare* August Affidavit ¶¶ 11–13 (claiming "significant emotional distress" since hearing she may be required to proceed under her name, including "not sleeping," "barely eating," "having flash backs," "difficult[y] concentrate[ing] at work," being "tearful and fearful," and being "hyper vigilant about . . . safety") *with* Ross Affidavit ¶¶ 55–56 (attesting "I have spoken to [Jane Doe] since the Court ruled against her continuing to proceed anonymously" and noting that Plaintiff suffered "panic attacks" and was "tearful" and that Plaintiff reported "being hyper vigilant . . . [having] flashbacks . . . [and] not eating or sleeping"). As evidenced by the duplicative nature of these allegations, the Ross Affidavit could have been included in Plaintiff's underlying motion,

and it is therefore not "newly available evidence."[2]

Plaintiff's reliance upon *Doe v. Smith* is unpersuasive and in fact highlights her attempts to shoehorn the Ross Affidavit into the "newly available evidence" requirement. In *Smith*, the Court determined that the psychiatrist's affidavit was not previously available because it consisted "in large part . . . of descriptions and evaluations of plaintiff's reaction to this court's decision denying her request to proceed anonymously," and therefore was "derived from the aftermath of the court's initial ruling," *Smith*, 105 F. Supp. 2d at 43.[3] Here, the Ross Affidavit seeks to mimic the *Doe v. Smith* affidavit by including references to the effects of the Opinion on Plaintiff's emotional state. As Defendants' instant argument makes clear, however, the Ross Affidavit largely consists of descriptions of Plaintiff's experiences and emotional state *prior to* the issuance of the Opinion (*see* Ross Affidavit ¶¶ 6–53) and the descriptions of Plaintiff's emotional state post-Opinion are not sufficiently different from those in the August Affidavit to be considered new. Thus, Plaintiff's case is not "on all fours" with *Doe v. Smith*, despite her efforts to contort it to be so. *See* Pl. Mem. at 4.

Thus, respectfully, the Court should decline to consider the Ross Affidavit on Plaintiff's motion for reconsideration.

**B.    Even If Considered, the Ross Affidavit Does Not Warrant a Different Decision on Plaintiff's Motion to Proceed Anonymously**

Even if it were procedurally proper (which it is not), the Ross Affidavit does not warrant the Court's overturning its Opinion on reconsideration. As an initial matter, the affidavit is fatally flawed in so many ways that it is difficult to even know where to begin. First, it is rife with hearsay

---

[2] It bears emphasis that Ross claims to have been Doe's therapist since well before Plaintiff filed her motion to proceed anonymously (in fact even well before Plaintiff commenced this action), further undermining Plaintiff's claim that this is "newly available evidence." *See* Ross Affidavit ¶¶ 4, 30.

[3] Additionally, unlike the defendants in *Smith*, Defendants here dispute the evaluation and opinion of Ross, who is not a medical professional, and for other reasons as set forth herein. *See Smith,* 105 F. Supp. 2d at 45.

statements about matters of which Ross lacks personal knowledge.  *See, e.g.,* Ross Affidavit ¶¶ 7–8, 12–14, 16–29, 34–40, 43–44, 58, 61.  Second, it contains statements that render the entire affidavit of dubious value.  For example, Ross claims to be "aware of the fact that Ms. Doe was re-traumatized by her treatment at Solera." *Id.* at ¶ 43. That "fact" is nothing more than an allegation made by Plaintiff about her experience at Solera, of which Ross has no personal knowledge.  The only logical conclusion to be drawn from this statement is that Ross is heavily biased towards Plaintiff and will accept anything she says at face value.  Finally, Ross improperly speculates as to what "Mr. Doe" might do, despite presumably never having met him.  *See id.* ¶ 42.

The Ross Affidavit also contains statements that have nothing to do with either Plaintiff's instant motion for reconsideration or Plaintiff's underlying motion to proceed anonymously, including a statement that Solera initially "did not object to her anonymity." *Id.* ¶ 46.  Certainly, Defendants never consented to Plaintiff's proceeding anonymously.  More importantly, any lack of objection was made entirely irrelevant when the Court directed the parties to brief the issue, which was the impetus for Plaintiff's underlying motion to proceed anonymously.

Defendants also respectfully request that the Court take judicial notice of the fact that not only is Ross Plaintiff's therapist, Ross is also the Deputy Clinical Director at Sanctuary for Families, the very agency that placed Plaintiff in the job with Solera.  *See* Ross Affidavit ¶¶ 1, 34. It is Plaintiff's job with Solera that is the very core of this litigation in which Plaintiff asserts employment discrimination and wage and hour claims against Defendants.  *See* Complaint (ECF Doc. No. 1).  The fact that Ross is a director of the agency that placed Plaintiff in her job with Solera renders Ross' bias inescapable.  The fact that Plaintiff uses the Ross Affidavit under the façade of a psychological professional's sworn statements as a vehicle to continue to levy

allegations at Defendants, having nothing to do with the underlying motion, is, to be frank, offensive.  *See, e.g.*, Ross Affidavit ¶ 44 ("I did not see [Plaintiff] as regularly during the time she worked for Solera because she was required to work very long hours but I knew she felt strongly about the exploitation she experienced and wanted to take action.").

Should the Court nevertheless consider the Ross Affidavit, it does not offer any information that would weigh in favor of permitting anonymity.  Plaintiff argues that the Ross Affidavit avoids any need for the Court to "speculate regarding the [sic] 'the nature, level or intensity of Jane Doe's mental injury,'" as the Court declined to do on Plaintiff's underlying motion.  Pl. Mem. at 3 (citing Opinion at 8).  Upon reviewing the Ross Affidavit, however, it is evident that the "nature, level, or intensity" of mental harm that may result to Plaintiff is still insufficient to tip the risk of harm factor in her favor.  The Ross Affidavit largely just repeats symptoms of Posttraumatic Stress Disorder ("PTSD") that Plaintiff reported to Ross but does not affirmatively state that Ross herself made that diagnosis.  Ross Affidavit ¶¶ 31, 54.

The most egregious statement of Ross' general speculation, articulated as a "*fear*," is that Plaintiff "*may be* suffering again from the type of hopelessness that leads to thoughts/plans of suicide," as a result not of past abuse or anything remotely attributable to Defendants but as a result of the Opinion itself.  *Id.* ¶ 56 (emphasis added).  Significantly, however, nowhere in the Ross Affidavit is it even indicated that Plaintiff actually ever directly expressed suicidal thoughts to Ross or even reported past thoughts of suicide.  While Defendants are sympathetic, the symptoms alleged through the Ross Affidavit are a far cry from the risk of psychological harm articulated in the case upon which Plaintiff so heavily relies, *Doe v. Smith*.  There, the plaintiff's psychiatric specialist confirmed that plaintiff suffered from Dissociative Identity Disorder and predicted that "proceeding publicly would cause her to decompensate psychologically to a point at which she . .

. would suffer severe risk to her safety and to her survival." *Smith,* 105 F. Supp. 2d at 43. Additionally, in *Smith*, the plaintiff had allegedly attempted suicide at least 30 times. *See Doe v. Smith*, 98 Civ. 6600 (RLM), 2001 U.S. Dist. LEXIS 24974, at *3 (E.D.N.Y. Jan. 12, 2001). Thus, while the Ross Affidavit may remove the need for the Court to "speculate," the Court can now determine with certainty that the "nature, level, and severity of mental harm" does not weigh in favor of proceeding anonymously.

Finally, even if the Court should determine that the Ross Affidavit provides sufficient evidence of severe psychological harm (which it does not), such a conclusion would not alter the Court's Opinion. The Court has already determined that the second *Sealed Plaintiff* factor weighed in favor of anonymity, on the alternative ground of risk of physical harm to Plaintiff. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008); Opinion at 9. Thus, even a finding of risk of mental harm would lead to the same result the Court originally reached on the second factor and would not affect any of the remaining factors.

### III.   THE COURT DID NOT COMMIT CLEAR ERROR BY WEIGHING THE FIRST *SEALED PLAINTIFF* FACTOR AGAINST PLAINTIFF

Plaintiff next argues that the Court "committed a clear error in weighing the first factor in the balancing test against Jane Doe" by "overlook[ing] the degree to which" Doe's status as a domestic violence victim and the subject matter of this litigation are "intertwined." Pl. Mem. at 4. Clearly, Doe is dissatisfied with the Court's determination that this factor weighs against her. She, however, does not point to any fact or controlling authority that was actually put before the Court but overlooked by it on the underlying motion. Indeed, she cannot do so. When Defendants argued that Plaintiff's claims did not involve highly sensitive or personal matters because she alleged employment discrimination (*see* Def. Opp. Mem. (ECF Doc. No. 38) at 10), Plaintiff's only

response was a single conclusory assertion that, "There should be no question that Plaintiff's privacy interest in her status as a domestic violence victim is a highly sensitive personal matter." Pl. Reply Mem. (ECF Doc. No. 41) at 11.  Had Plaintiff wanted to argue that her status as a domestic violence victim and the subject matter of this litigation were "intertwined," she could have done so then, but she, again, failed to do so.

Moreover, contrary to Plaintiff's assertion, there is nothing improper about the distinction between the personal and sensitive nature of Plaintiff's status and the non-sensitive nature of employment discrimination claims.  Plaintiff's claims focus on the alleged conduct of Defendants, *not* any conduct by her alleged abuser.  Thus, the Court properly concluded that Plaintiff's personal experiences as a domestic violence victim do not support weighing the first factor in Plaintiff's favor, and there is no basis for disturbing its conclusion.

## IV.   THE COURT DID NOT COMMIT CLEAR ERROR BY WEIGHING THE RISK OF THIRD-PARTY HARM

Plaintiff next faults the Court because the Opinion "departs from precedent within this circuit regarding the dispositive nature of corroborated third party harm to anonymous petitioners whose identity is unknown to such third parties."  Pl. Mem. at 6.  This argument fails to merit reconsideration for several reasons.

First, the "precedent" that Plaintiff claims the Court "departs from," is *Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996), which is *not* controlling authority here, and thus cannot serve as the basis for reconsideration.  *See In re Coudert Bros. LLP v. Li*, Case No. 16-CV-8237 (KMK), 2017 U.S. Dist. LEXIS 179617, at *7-8 (S.D.N.Y. Oct. 27, 2017) (denying reconsideration because district court cases relied upon by movant were not controlling on the court) (citing *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding

precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case")); *see also United States v. Hatfield*, 795 F. Supp. 2d 219, 223 (E.D.N.Y. 2011) (holding that to warrant reconsideration, "the moving party must point to 'controlling decisions'" and "[d]ecisions of other district court judges and sister circuits are not 'controlling authority'"). Thus, even if the Court, in its Opinion, departed from *Shakur*, it was well within its discretion to do so, and Plaintiff cannot obtain reconsideration based upon any such departure.

Second, Plaintiff's argument is essentially that the Court *misapplied Shakur*, which plainly is not grounds for reconsideration. *See Sikhs for Justice v. Nath,* 893 F. Supp. 2d 598, 609 (S.D.N.Y. 2012) ("Misapplication of the law, however, is a ground for appeal, not reconsideration."). Specifically, Plaintiff notes that the Court recognized and cited (as opposed to overlooked) *Shakur* (*see* Pl. Mem. at 5) but essentially argues that the Court did not correctly apply *Shakur* because it failed to afford dispositive effect to Plaintiff's allegations of third-party harm in light of the court's dicta in *Shakur*. Again, however, because a "motion for reconsideration is not a substitute for appeal," Plaintiff cannot seek reconsideration based upon the Court's application of *Shakur. See Bradshaw*, 2018 U.S. Dist. LEXIS 66999 at *3–4 (Ramos, J.) (holding that, "In essence, Defendants argue the Court applied these precedents incorrectly, or that it should not have been persuaded by the analysis in these cases at all" which is "a ground for appeal, not reconsideration").

In any event, it is Plaintiff, not the Court, who misinterprets *Shakur's* meaning. In its Opinion, the Court properly cited *Shakur* as recognizing that death threats would provide a legitimate basis for allowing a party to proceed anonymously – in other words, would serve as evidence of a risk of physical harm weighing in favor of anonymity. Plaintiff misconstrues the dicta in *Shakur* to mean that any time a party demonstrates corroborated third party harm, then the

remaining *Sealed Plaintiff* factors should not even be analyzed.   Contrary to Plaintiff's misinterpretation, however, the Second Circuit, in *Sealed Plaintiff*, never held that corroborated third party harm may be dispositive; in fact, the Second Circuit cited to *Shakur* for consideration of the second factor concerning risk of physical or mental harm.   *See* 537 F.3d at 190.   Thus, Plaintiff's argument that *Shakur* mandates the Court to afford dispositive effect to third-party harm is without merit.

### V.   THE COURT DID NOT COMMIT CLEAR ERROR BY WEIGHING *SEALED PLAINTIFF* FACTORS THREE THROUGH FIVE AGAINST PLAINTIFF RATHER THAN NEUTRAL

Plaintiff next seeks reconsideration by claiming that the Court improperly weighed the third and fourth *Sealed Plaintiff* factors against her rather than assigning them "neutral" value. This blatantly contradicts Plaintiff's earlier argument, in which she asserted that the third and fourth factors weighed in favor of anonymity "overwhelmingly."  Pl. Reply Mem. (ECF Doc. No. 41) at 11–12.  Having lost her original argument, and essentially conceding it was meritless, Plaintiff now desperately seeks to tip the scales in her favor by advancing a new theory that factors three and four should be given "neutral" weight.  This she cannot do.  *See Picard*, 2018 U.S. Dist. LEXIS 155657, at *4.

Moreover, even if Plaintiff had previously advanced this "neutral value" argument, the Court did not commit any clear error by instead weighing these factors against Plaintiff.  Notably, Plaintiff does not point to any controlling authority that the Court overlooked in concluding that factors three and four should weigh against anonymity.   Indeed, the Court's determination is entirely in line with other decisions in this jurisdiction.  *See, e.g., A.B. v. C.D.*, 2:17-cv-5840 (DRH)(AYS), 2018 U.S. Dist. LEXIS 68919, at *6 (E.D.N.Y. Apr. 24, 2018) (weighing third and fourth factors against plaintiff in finding "there is little risk of other harms or of incurring the injury

litigated against here" and plaintiff "is not a member of a population that is particularly vulnerable to the possible harms of disclosure, such as young children"); *Abdel-Razeq v. Alvarez & Marsal, Inc.*, 14 Civ. 5601 (HBP), 2015 U.S. Dist. LEXIS 153200, at *16 (S.D.N.Y. Nov. 12, 2015) (finding that fourth factor "weighs against the motion" for anonymity because plaintiff was not particularly vulnerable to harms of disclosure). Thus, the Court did not commit "clear error" in weighing factors three and four against Plaintiff.

Plaintiff's next argument, that the fifth *Sealed Plaintiff* factor also should have been given neutral weight, is even more deficient. The fifth factor examines whether the suit challenges the actions of government or of private parties. *See* Opinion at 6 (citing *Sealed Plaintiff*, 537 F.3d at 190). As an initial matter, and as with Plaintiff's arguments concerning factors three and four, Plaintiff's argument that this factor should be given neutral weight is directly at odds with her earlier argument and is essentially a new argument that cannot be raised on a motion for reconsideration. *See* Pl. Reply Mem. (ECF Doc. No. 41) at 15 ("Plaintiff concedes that the fact that Defendant is a private party weighs in Defendants' favor.").

Plaintiff's new argument misconstrues the fifth factor by claiming that a suit challenging the government involves "a heightened interest in public disclosure" and that "[h]ere there is no such heightened public disclosure interest and thus this factor should be neutral." Pl. Mem. at 9. In fact, just the opposite of Plaintiff's contention is true: "When a lawsuit challenges governmental actions, actors, or policies, the plaintiff has a strong interest in proceeding anonymously." *Doe v. Syracuse*, No. 5:18-CV-0496 (FJS) (DEP), 2018 U.S. Dist. LEXIS 154899, at *18 (N.D.N.Y. Sept. 10, 2018). The rationale is that "disclosure of plaintiff's identity may subject plaintiff to harm in the form of criminal prosecution or civil penalties." *Abdel-Razeq v. Alvarez & Marsal, Inc.*, 2015 U.S. Dist. LEXIS 153200, at *16. Thus, courts have held that where a suit involves private actors,

this factor weighs *against* anonymity.  *See Syracuse*, 2018 U.S. Dist. LEXIS 154899 at *18 ("Here, plaintiffs' suit challenges the actions of private parties. This factor therefore weighs in favor of public identification of plaintiffs."); *Abdel-Razeq*, 2015 U.S. Dist. LEXIS 153200 at *16 ("Because this action is not brought against a governmental entity and there is no chance of retaliatory charge, this factor also weighs against the parties' motion."); *A.B.,* 2018 U.S. Dist. LEXIS 68919 at *6-7 ("The fifth factor seems to weigh against Plaintiff as this is a suit between private parties.").

## VI.     THE COURT DID NOT APPLY AN INCORRECT STANDARD ON THE ISSUE OF PUBLIC ACCESS

Finally, Plaintiff faults the Court for citing *United States v. Amodeo*, 44 F.3d 141 (2d Cir. 1995) ("*Amodeo I*"), for the proposition that public access is a fundamental right because, according to Plaintiff, it "does not reflect the current state of the law" based upon the Second Circuit's subsequent decision in *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995) ("*Amodeo II*").  That decision, however, is inapposite and therefore not a proper basis for reconsideration.  In *Amodeo II*, the Second Circuit held that the presumption of public access to *judicial documents* varies in weight depending on the *role* of the documents in the adjudication of a case and the resultant value of such information to the public.  In so holding, the court recognized "that an abundance of statements and documents generated in federal litigation actually have little or no bearing on the exercise of Article III judicial power," such as documents exchanged between the parties in discovery.  *Amodeo II,* 71 F.3d at 1048.  Here, it is public access to *a party's identity*, not judicial documents, that is the matter at issue.  Indeed, Plaintiff admits that *Amodeo II* does not directly bear on the issue here by referring to it "[a]nalogously."  Pl. Mem. at 10.  Thus, the Court did not overlook *Amodeo II* as that decision is simply not on point.

15

Even if the Court had considered *Amodeo II*, Plaintiff's analogy actually highlights the fundamental need for public access here.  Unlike many immaterial and tangential documents that are exchanged in litigation but have no bearing on a case, a party's identity plays a *central role* in the judicial process.  As the Court recognized, "[i]dentifying parties to a lawsuit is an important aspect of the presumption of access because the public has a right to know who is utilizing the courts." Opinion at 5 (citing *Sealed Plaintiff*, 537 F.3d at 189).  Under *Amodeo II* then, Plaintiff's identity would carry an especially strong presumption of public access.  As such, reconsideration based upon this authority would not alter the Court's decision.

## VII.   PLAINTIFF'S ALTERNATIVE PROPOSAL TO SEAL SHOULD BE DISREGARDED

In the "Conclusion" section of her motion for reconsideration, Plaintiff attempts to sneak in a proposal "that if it is this Court [sic] opinion that placing the case entirely under seal would avoid reputational harm to Defendants while protecting Jane Doe from third party harm, Jane Doe is amenable to such a modification of the Court's Order, should it not see fit to grant reconsideration." Pl. Mem. at 10.  Plaintiff's alternative proposal is not supported by any citation to legal authority or any reasoning why this case should be placed under seal in lieu of requiring Plaintiff to proceed under her legal name.  Essentially, Plaintiff expects the Court to do her work for her.  In any event, Defendants respectfully submit that sealing the case entirely now, at this late stage, would not avoid prejudice to Defendants and would be akin to closing the barn door after the horse has already bolted. Plaintiff's allegations have already been made public, and if this case were placed entirely under seal, Defendants would be deprived of their right to publicly vindicate themselves.  So, even Plaintiff's "compromise position" would continue to exact grave prejudice upon Defendants.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court (i) deny Plaintiff's motion for reconsideration of the Court's decision to deny Plaintiff's motion to continue to proceed anonymously and (ii) award all such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 3, 2019

                                   Respectfully submitted,

                                   GORDON REES
                                   SCULLY MANSUKHANI, LLP

                                   By: */s/  Lindsey Blackwell*
                                        Mercedes Colwin
                                        David J. Grech
                                        Lindsey Blackwell
                                        *Attorneys for Defendants*
                                        One Battery Park Plaza, 28th Floor
                                        New York, NY 10004

17