UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                    Plaintiff,

              – against –

SOLERA CAPITAL LLC and MOLLY
ASHBY, *jointly and severally*,

                    Defendants.

**<u>ORDER</u>**

18 Civ. 1769 (ER)

<u>RAMOS, D.J.</u>:

Jane Doe brought this action on February 27, 2018 against Solera Capital LLC and Molly Ashby for employment discrimination, a hostile work environment, retaliation, and violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law.  Doc. 1.  Pending before the Court are the parties' request for approval of their Settlement Agreement (the "FLSA Agreement") and their letter motion requesting certain documents be kept under seal.  Docs. 128, 129, and 129-1.  For the reasons set forth below, the parties' request for approval of the FLSA Agreement is DENIED, and their request to keep the documents filed under seal is GRANTED in part and DENIED in part.

I.      *Cheeks* Review

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  The parties therefore must satisfy the Court that their agreement is "fair and reasonable."  *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL

8773460, at *1 (S.D.N.Y. Dec. 14, 2015).  To determine whether a proposed settlement is fair

and reasonable, the Court must consider the totality of circumstances, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to
> which the settlement will enable the parties to avoid anticipated
> burdens and expenses in establishing their respective claims and
> defenses; (3) the seriousness of the litigation risks faced by the
> parties; (4) whether the settlement agreement is the product of
> arm's-length bargaining between experienced counsel; and (5) the
> possibility of fraud or collusion.

*Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (quoting *Wolinsky v. Scholastic Inc.*,

900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012)).  Additionally, factors that preclude approval

include the presence of an overly broad release that waives claims beyond those related to wage-

and-hour issues, a non-disparagement provision that prevents a plaintiff from making truthful

statements about her experience litigating the case, and a confidentiality clause that has the same

effect.  *See Cheeks*, 796 F.3d at 206; *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 &

n.65 (S.D.N.Y 2015); *Weng v. T&W Rest., Inc.*, No. 15 Civ. 8167 (PAE) (BCM), 2016 WL

3566849, at *4 (S.D.N.Y. June 22, 2016).

Further, where the parties enter into bifurcated settlement agreements to dismiss the suit

with prejudice—in which one agreement resolves the FLSA claims and the other all non-FLSA

claims—a court must take into account at least the existence of the non-FLSA settlement in

assessing the reasonableness of the FLSA settlement.  *See Fisher*, 948 F.3d at 607 n.12.  As such,

the parties may be required to submit both settlement agreements to the court, as doing so allows

it to "determine whether the terms of the non-FLSA agreement inappropriately affect the terms of

the FLSA agreement."  *See Torres v. McGowan Builders*, No. 18 Civ. 6099 (RML), 2020 WL

5369056, at *2 (E.D.N.Y. Sep. 8, 2020); *see also Santos v. Yellowstone Props., Inc.*, No. 15 Civ.

3986 (PAE), 2016 WL 2757427, at *1 n.1 & *3.  Here, the parties have resolved their wage-and-

hour claims in the FLSA Agreement and their non-wage-and-hour claims in a separate agreement (the "Confidential Agreement").  Docs. 129-2 and 129-3.  Currently, the Court cannot approve the FLSA Agreement for several reasons.

First, the Confidential Agreement contains an impermissible confidentiality provision. Courts in this District reject agreements that contain "confidentiality provisions that would undermine the broad remedial purposes of the FLSA." *Santos*, 2016 WL 2757427, at *3; *Lopez*, 96 F. Supp. 3d at 177–78.  After all, such provisions "are contrary to public policy and the remedial purposes of the FLSA because they 'prevent the spread of information about FLSA actions to other workers . . . who [could] then use that information to vindicate their own statutory rights.'"  *Weng*, 2016 WL 3566849, at *4 (quoting *Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647 (AJN), 2016 WL 1626631, at *3 (S.D.N.Y. Apr. 21, 2016)).  Accordingly, where the parties have entered into bifurcated settlement agreements, they may not include "a sweepingly broad confidentiality provision which, on its face, applies to all claims asserted in the complaint, including FLSA claims that may not be settled confidentially."  *Torres*, 2020 WL 5369056, at *2; *see also Santos*, 2016 WL 2757427, at *3.

Under the confidentiality provision of the Confidential Agreement, Doe is barred from disclosing "the terms or existence of [the Confidential Agreement] or any fact concerning its negotiation, execution, or implementation, the allegations in the Complaint concerning discrimination, harassment, or retaliation, or the factual information or circumstances relating to the discrimination, harassment, and retaliation claims asserted in the Complaint."  Doc. 129-3 at 3.  Further, the Confidential Agreement requires Doe "not to reveal any information that would implicitly or explicitly identify [Defendants] with respect to the allegations in the Complaint related to the discrimination, harassment, or retaliation claims, unless required by law (including

valid subpoena)." *Id.*  Under those terms, Doe is barred from discussing any information concerning or related to her wage-and-hour claims that may also concern her non-wage-and-hour claims—information that a FLSA settlement agreement could not bar her from discussing. *Santos*, 2016 WL 2757427, at *3; *Lopez*, 96 F. Supp. 3d at 177–78.  Without at least a carve-out in the Confidential Agreement that would allow Doe to discuss information related to or concerning her wage-and-hour claims, the confidentiality provision is not fair and reasonable. *See Chowdhury v. Brioni Am.*, No. 16 Civ. 344 (HBP), 2017 WL 5953171, at *6 (S.D.N.Y. Nov. 29, 2017); *Santos*, 2016 WL 2757427, at *3; *see also Torres*, 2020 WL 5369056, at *2.

There are other problems with the confidentiality provision.  Under the provision, "[i]n the event [Doe] is asked about the cessation of her employment with the Company, [Doe] shall respond only that they decided to part ways."  Doc. 129-3 at 4.  The provision also states that, "if anyone who already knows of the existence of the Complaint or the allegations contained therein asks about the matter, [Doe] shall respond only that the matter has been resolved to the mutual satisfaction of the Parties."  *Id.*  These portions also prevent Doe from discussing any information underlying her wage-and-hour claims, along with the terms of resolution regarding those claims, thereby undermining the FLSA's goals by preventing information from being disseminated to other workers.  *See Weng*, 2016 WL 3566849, at *4.  Thus, the confidentiality provision of the Confidential Agreement imposes restrictions regarding Doe's wage-and-hour claims that the FLSA Agreement otherwise could not—and is therefore not fair and reasonable.

Second, and relatedly, the Confidential Agreement contains an impermissible non-disparagement clause.  Courts in this District routinely reject proposed settlement agreements that contain non-disparagement clauses, as they "bar plaintiffs from openly discussing their experiences litigating [their] wage-and-hour case[s]" and "run afoul of the purposes of the FLSA

4

and the public's independent interest in assuring that employees' wages are fair." *Lopez*, 96 F. Supp. 3d at 178 (quotation omitted). "While 'not every non-disparagement clause in an FLSA settlement is *per se* objectionable,' a clause which bars a plaintiff from making negative statements about a defendant 'must include a carve-out for truthful statements about [a plaintiff's] experience in litigating [her] case.'" *Weng*, 2016 WL 3566849, at *4 (quoting *Lopez*, 96 F. Supp. 3d at 180 n.65). Accordingly, where the parties have entered into bifurcated settlement agreements, a non-disparagement clause in the non-FLSA agreement must, at a minimum, contain a carve-out for truthful statements about a plaintiff's experience regarding the plaintiff's wage-and-hour claims. *See Santos*, 2016 WL 2757427, at *3.

Here, the non-disparagement provision of the Confidential Agreement requires that Doe not publish or communicate "any Disparaging remarks, comments, or statements concerning Defendants or any of the Company Releasees." Doc. 129-3 at 8. The provision defines "Disparaging" as any communications that "(i) reflect adversely upon the affairs or practices of the person or entity being remarked or commented upon or (ii) impugn the character, honesty, integrity, morality, acumen, or abilities of the person or entity being remarked or commented upon." *Id.* Under its plain terms, this provision bars Doe from making truthful statements regarding her wage-and-hour claims that may fall within these definitions, *see Lopez*, 96 F. Supp. 3d at 180 n.65, and the Agreement lacks a carve-out to allow Doe to make those statements, *see Weng*, 2016 WL 3566849, at *4. Accordingly, the term is not fair and reasonable.

Separate from these two issues, the Agreement lacks information necessary for the Court to complete its review pursuant to *Cheeks*. The parties are correct that courts in this District routinely approve FLSA settlement agreements where, as here, the award of attorney's fees represent one third of the settlement fund, net costs. *See Flores Hernandez v. Vill. Nat. Rest.*

*Corp.*, 19 Civ. 8378 (ER), 2020 WL 5518314, at *1 (S.D.N.Y. Sep. 14, 2020).  Still, courts must "independently ascertain the reasonableness of" an award of attorney's fees, *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016), and doing so requires counsel to "submit evidence providing a factual basis for the award," *Wolinsky*, 900 F. Supp. 2d at 336.  Because the fairness letter and the FSLA Agreement lack this information, the Court cannot determine whether the FLSA Agreement is fair and reasonable as to the settlement award or attorney's fees in relation to Doe's wage-and-hour claims.  Accordingly, the Court cannot approve the FLSA Agreement.

## II.     Maintaining Documents Under Seal

In the instant request, the parties wish to keep four documents under seal:  (1) their FLSA Agreement, (2) their fairness letter accompanying the FLSA Agreement, (3) their Confidential Agreement, and (4) the parties' cover letter.  Docs. 129, 129-1, 129-2, and 129-3.

"Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution."  *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020).  "Although the public's right is strong, it is 'not absolute.'"  *Id.* at 59 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Courts engage in a three-step inquiry to determine whether the presumptive right to public access attaches to a particular document.  *Id.*  First, a court will determine whether the document is a "'judicial document'—a document to which the presumption of public access attaches."  *Id.*  "[A] judicial document is one that has been placed before the court by the parties and that is 'relevant to the performance of the judicial function and useful in the judicial process.'"  *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).  Second, the court "must 'determine the weight' of the presumption of access" to the particular document.

*United States v. Erie Cnty.*, 763 F.3d 235, 239 (2d Cir. 2014) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)).  "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'"  *Mirlis*, 952 F.3d at 59 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).  Generally, the presumptive right of access is given "strong weight."  *Id.* at 60.  Third, the court will balance the weight accorded to the presumption of access against "all of the factors that legitimately counsel against disclosure of the judicial document."  *Id.* at 59.  Countervailing factors that the court may consider include "(i) the danger of impairing law enforcement or judicial efficiency and (ii) the privacy interests of those resisting disclosure."  *Amodeo*, 71 F.3d at 1050; *see also Lugosch*, 435 F.3d at 120 ("Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.").

The Court concludes that that the FLSA Agreement and the fairness letter should not remain sealed.  As to the first step, there is no question that they are judicial documents, as "FLSA settlements 'indisputably' implicate the 'judicial function' because they require judicial approval."  *Lopez*, 96 F. Supp. 3d at 178 (quoting *Wolinksy*, 900 F. Supp. 2d at 337).  As to the second step, courts in this District have noted that "[t]he rationale for rejecting confidential FLSA settlements is 'particularly strong,' since '[s]ealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair.'"  *Id.* (quoting *Tran v. Thai*, No. 08 Civ. 3650 (LHR), 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009)).  And as noted above, sealing FLSA settlements would be contrary to public policy and the purposes of the FLSA, as doing so would prevent the spread of information about FLSA actions to other workers who could use that information to vindicate their own rights.  *See Weng*,

2016 WL 3566849, at *4; *see also Ploy Dee, Inc.*, 2016 WL 1626631, at *3.  Thus, the Court

concludes that the weight of presumption of access to the FLSA Agreement and the

accompanying fairness letter is particularly strong.

As to the third step, throughout this proceeding, the parties have put forth two potential

countervailing factors against disclosure:  (1) Doe's privacy interest as a victim of domestic

violence and (2) the parties' interest in resolving the dispute through settlement.  Other courts in

this District have emphasized that "any countervailing privacy interests often will be outweighed

by the public's interest in ensuring that workers receive '[a] fair day's pay for a fair day's work.'"

*Lopez*, 96 F. Supp. 3d at 178 (quoting *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 283 (2d Cir.

2008)).  Although courts have recognized that sensitive personal information may constitute a

"privacy interest" that supports the sealing of a document, they have only done so in instances

where there are concerns relating to "[f]inancial records of a wholly owned business, family

affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters."

*Amodeo*, 71 F.3d at 1050; *see also Ramirez v. Temin & Co., Inc.*, No. 20 Civ. 6258 (ER), 2020

WL 6781222, at *5–6 (S.D.N.Y. Nov. 18, 2020).  Regarding the first countervailing factor,

neither the FLSA Settlement Agreement nor the accompanying fairness letter identifies any

personal information regarding Doe—including the identity of Doe—so this factor provides no

weight in favor of sealing those documents.  And as to the second countervailing factor, the

parties here provide no justification beyond what parties generally may provide to keep such

agreements confidential—namely, to facilitate the settlement process.  Indeed, other courts have

noted that "the mere fact 'that the settlement agreement contains a confidentiality provision is an

insufficient interest to overcome the presumption that an approved FLSA settlement agreement is

a judicial record, open to the public.'"  *See Wolinksy*, 900 F. Supp. 2d at 338 (quoting *Joo v.*

*Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 648 (S.D.N.Y. 2011)).  Absent more compelling countervailing factors, the Court concludes that the strong presumptive right to public access to documents relating to FLSA settlement agreements controls.  Accordingly, neither the FLSA Settlement Agreement nor the accompanying fairness letter should remain sealed.

By contrast, the Court concludes that the parties' cover letter and Confidential Agreement may remain sealed.  As to the first step, the cover letter plays no role in the Court's analysis in this case and, as such, is not entitled to the presumptive access as a judicial document.  *See Mirlis*, 952 F.3d at 59.  The Confidential Agreement, however, is a judicial document.  *See Bazile v. Asset Prot. Grp. LLC*, No. 18 Civ. 6820 (DLI) (SJB), 2019 WL 7985168, at \*4 (E.D.N.Y. Nov. 27, 2019).  Again, where parties submit bifurcated settlement agreements—one for FLSA claims, and one for non-FLSA claims—and seek to dismiss the suit with prejudice, a district court must take into account the non-FLSA settlement in assessing the reasonableness of the FLSA settlement.  *See Fisher*, 948 F.3d at 607 n.12; *see also Torres*, 2020 WL 5369056, at \*2.  Thus, the Confidential Agreement is "relevant to the performance of the judicial function and useful in the judicial process."  *Mirlis*, 952 F.3d at 59 (quoting *Amodeo*, 44 F.3d at 145).  Accordingly, the Court concludes that the Confidential Agreement is a judicial document and therefore entitled to the presumption of public access.  *See id.*

However, although relevant to the Court's analysis, the Confidential Agreement does not implicate the FLSA's public policy goals.  As noted above, the parties must revise the Confidential Agreement to receive approval of the FLSA Settlement Agreement under *Cheeks*.  As such, the current iteration of the Confidential Agreement will in no way implicate the rights under the FLSA Agreement if the latter is ultimately approved.  So, under the second step, while

this document is entitled to a presumption of public access, it is not entitled to the particularly strong presumption that the FLSA Agreement and accompanying fairness letter are.

As to the third step, the Court concludes that the privacy interests outweigh the presumption of access to the Confidential Agreement.  The document contains Doe's personal information and outlines settlement conditions that the parties wish to keep confidential.  In light of the fact that the FLSA's public policy goals are not implicated, these privacy interests weigh in favor of allowing the Confidential Agreement to remain sealed.

## III.   CONCLUSION

For the foregoing reasons, the parties' request to keep documents under seal is GRANTED in part and DENIED in part.  The Clerk of Court is respectfully directed to keep the parties' cover letter and Confidential Agreement under seal, Docs. 129 and 129-3, and to modify the viewing level of the fairness letter and the FLSA Agreement, Docs. 129-1 and 129-2, such that the documents are viewable on the public docket.  The parties' request for approval of the FLSA Agreement is DENIED without prejudice.  The parties may proceed in one of the following ways:

1. File a revised letter and revised signed agreements addressing the concerns expressed in this Order by **February 3, 2021**; or

2. File a joint letter by **February 3, 2021** that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will set a date for a pre-trial conference.

The Clerk of Court is also respectfully directed to terminate the motions.  Docs. 128 and 129.

It is SO ORDERED.

Dated:    January 20, 2021
          New York, New York

EDGARDO RAMOS, U.S.D.J.