UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                    Plaintiff,

          – against –

SOLERA CAPITAL LLC and MOLLY
ASHBY, *jointly and severally*,

                Defendants.

**OPINION & ORDER**

18 Civ. 1769 (ER)

Ramos, D.J.:

       Jane Doe brought this action on February 27, 2018 against Solera Capital LLC and Molly Ashby for employment discrimination, a hostile work environment, retaliation, and violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law.  Doc. 1.  On December 3, 2020, the parties submitted their first application to the Court for settlement approval, bifurcating their settlement into two agreements:  one resolving wage-and-hour claims (the "FLSA Agreement") and the other resolving non-wage-and-hour claims (the "Confidential Agreement"). Doc. 129.  On January 20, 2021, the Court declined to approve the application without prejudice because:  (1) the Confidential Agreement contained a confidentiality provision that impermissibly restricted Doe's ability to discuss her wage-and-hour claims, (2) the Confidential Agreement contained a non-disparagement clause that likewise impermissibly prevented Doe from making truthful statements regarding her wage-and-hour claims, and (3) Doe's counsel failed to submit evidence to support the proposed award of attorney's fees.  Doc. 133.  Pending before the Court are the parties' revised FLSA Agreement, revised Confidential Agreement, and an amended fairness letter in support.  Docs. 135 and 137.

As an initial matter, the Court notes that, in conducting its review pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), it must examine both the revised FLSA Agreement and the revised Confidential Agreement because the terms regarding Doe's non-wage-and-hour claims may inappropriately affect the terms regarding her FLSA claims.  *See Doe v. Solera Cap. LLC*, No. 18 Civ. 1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021); *see also Torres v. McGowan Builders*, No. 18 Civ. 6099 (RML), 2020 WL 5369056, at *2 (E.D.N.Y. Sep. 8, 2020).  Based on its examination of both documents, the Court concludes that the parties have addressed its concerns regarding the original agreements.  First, the confidentiality provision in the revised Confidential Agreement includes a carve-out that allows Doe to discuss information related to or concerning her wage-and-hour claims.  Doc 137 at 3–4; *see also Santos v. Yellowstone Props., Inc.*, No. 15 Civ. 3986 (PAE), 2016 WL 2757427, at *1 n.1 & *3 (S.D.N.Y. May 10, 2016); *Torres*, 2020 WL 5369056, at *2–3.  Second, and similarly, the non-disparagement clause in the revised Confidential Agreement includes a carve-out that allows Doe to make truthful statements about her experience regarding her wage-and-hour claims and the litigation and resolution of those claims.  Doc. 137 at 8; *see also Weng v. T&W Rest., Inc.*, No. 15 Civ. 8167 (PAE) (BCM), 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016); *Santos*, 2016 WL 2757427, at *3.  And third, Doe's counsel has now submitted documentation in support of the proposed fee award.  Doc. 135-2.  Thus, the Court now turns to reviewing the remaining terms of the revised FLSA Agreement.

Doe's settlement award is fair and reasonable.  To resolve her wage-and-hour claims, the revised FLSA Agreement awards Doe $33,333.33 and her counsel $16,666.67 in fees and litigation costs.  Doc. 135-1 at 2.  Doe alleges that she was owed $58,408.25 in unpaid wages, meaning that the settlement award she receives represents 57% of her claimed unpaid wages.

*See* Doc. 135.  Courts in this District have routinely approved similar settlement awards where the parties have identified potential obstacles to a plaintiff's recovery.  *See, e.g.*, *Benavides v. Serenity Spa NY Inc.*, No. 15 Civ. 9189 (JLC), 2018 WL 2383144, at *4 (S.D.N.Y. May 25, 2018) (approving settlement award representing 55% of alleged back wages).  Here, Doe notes the contested nature of the issues in this action and her desire to receive a settlement without experiencing the risks and delays inherent in litigation, Doc. 135, and the agreements appear to be the result of arm's-length bargaining between counsel.  *See Flores Hernandez v. Vill. Nat. Rest. Corp.*, No. 19 Civ. 8378 (ER), 2020 WL 5518314, at *2 (S.D.N.Y. Sept. 14, 2020); *Pinzon v. Jony Food Corp.*, No. 18 Civ. 105 (RA), 2018 WL 2371737, at *2 (S.D.N.Y. May 24, 2018).  Accordingly, the Court concludes that the term is fair and reasonable.

The revised FLSA Agreement also allocates a fair and reasonable portion of the settlement to Doe's attorney's fees.  "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request."  *Gurung v. White Way Threading, LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016).  To determine the reasonableness of a fee request, courts consider the portion of the total settlement amount, net costs, that the fee request represents.  *See id.* at 230; *see also Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *1–2 (S.D.N.Y. Jan. 2, 2019).  Courts in this District routinely award one third of a settlement fund, net of costs, as a reasonable attorney's fee in FLSA cases.  *Flores Hernandez*, 2020 WL 5518314, at *1; *see also Gurung¸* 226 F. Supp. 3d at 230.  Here, Doe's counsel's fee award is $16,666.67, representing 33.3% of the total settlement award in the revised FLSA agreement.[1] *See* Doc. 135.

---

[1] Doe does not specify what portion of the $16,666.67 figure is allocated for litigation costs. *See* Doc. 135. Accordingly, the Court cannot determine the precise percentage that the fee award represents of the settlement fund, net of costs. *See Flores Hernandez*, 2020 WL 5518314, at *1. But because that percentage would be less than or equal to 33.3% regardless of the amount of litigation costs, the Court need not determine it.

Still, "[e]ven when a plaintiff has entered into a contingency-fee arrangement with [her] attorneys, and 'even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees.'" *Hernandez v. Boucherie LLC*, No. 18 Civ. 7887 (VEC), 2019 WL 3765750, at *4 (S.D.N.Y. Aug. 8, 2019) (quoting *Lazo*, 2019 WL 95638, at *2). The lodestar amount is the product of a reasonable hourly rate and the reasonable number of hours required for the case. *See Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). To determine the reasonableness of a requested hourly rate, the Court considers the prevailing market rate in this District. *Zhen Ming Chen v. Y Café Ave B Inc.*, No. 18 Civ. 4193 (JPO), 2019 WL 2324567, at *5 (S.D.N.Y. May 30, 2019). Courts in this District have found that an hourly rate ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases. *See id.*

Doe's counsel has provided documentation stating that she worked 561.75 hours on all claims in this suit. Docs. 135 at 4 and 135-2. According to that documentation, Doe's counsel's hourly rate was $450. *See* Docs. 135 at 4 and 135-2.

Although the purported hours are not separated according to wage-and-hour and other claims, and Doe's counsel has not provided information or documentation to support an hourly rate that is at the high end of what is typically found in FLSA cases, *see, e.g.*, *Flores Hernandez*, 2020 WL 5518314, at *1; *Zhen Ming Chen*, 2019 WL 2324567, at *5, the Court need not determine the reasonableness of these figures. Even if the hourly rate were reduced to the low end of hourly rates typically found in FLSA cases, and the hours billed were reduced significantly, the proposed fee award would still be fair and reasonable. Indeed, if only a tenth of the hours billed—a conservative estimate given that the parties engaged in extensive discovery

4

and two mediations—were charged at an hourly rate of $250, the resulting lodestar would be $14,044, meaning that the proposed fee award—before subtracting litigation costs from that award—would yield a multiplier of 1.19 times the lodestar.  Courts in this District have concluded that a multiplier no greater than 2 "should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases," *Lazo*, 2019 WL 95638, at *3, and the multiplier here would be even lower with higher hourly rates and hours worked.  Accordingly, the fee award is fair and reasonable.  *See id.*

The Revised Agreement otherwise represents a fair and reasonable settlement.  *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  Accordingly, the parties' request for approval of the revised FLSA Agreement is GRANTED.  The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:    March 3, 2021
          New York, New York

_____
        EDGARDO RAMOS, U.S.D.J.